397 So.2d 743 (1981)
Ernestine HAYCOOK, As the Executrix of the Estate of Gertrude Hasemann, Deceased, Appellant,
v.
Grace OSTMAN, Personal Representative of the Estate of Joseph W. Hasemann, Deceased; Linda Hasemann; Joseph W. Hasemann, Jr.; Jimmy Hasemann; Marie Hasemann; Anna Hasemann and Kathleen Shindle, Appellees.
No. 80-313.
District Court of Appeal of Florida, Fifth District.
April 29, 1981.
George L. Clapham, Orlando, for appellant.
Fred Langford, Sam E. Murrell & Sons, Orlando, for appellee Grace Ostman.
COWART, Judge.
Joseph Hasemann bought property in Florida from his mother's estate in New Jersey and gave a purchase money note and mortgage to her estate. Thereafter Hasemann died and the mother's estate sued Hasemann's estate to foreclose the mortgage. Hasemann's estate denied the debt and alleged that the note had been obtained by fraud. At the non-jury trial the original note and mortgage were introduced into evidence and Hasemann's widow, although acknowledging that the signature on the note and mortgage looked like Hasemann's signature, testified that Hasemann had told her that he (Hasemann) got the property free and clear as his share of his mother's estate and did not owe anything on it. The widow further testified that Hasemann would not have bought anything on credit and always bought everything for cash. The trial court found for Hasemann's estate.
Counsel for Hasemann's estate conceded at trial and in the appellate court that the affirmative defense of fraud was not proved. Therefore, the only legal basis for the decision in this case was that the mortgagee-payee failed to establish a prima facie case in chief.
The trial court received into evidence the original note[1] and mortgage. A *744 promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case. All attacks upon it, or the debt it represents, must be made by way of affirmative defenses as to which the burden of proof is on the defense. See Jacobs v. Becks, 355 So.2d 1241 (Fla. 1st DCA 1978); Broward Nat. Bank of Ft. Lauderdale v. Bear, 125 So.2d 760 (Fla.2d DCA 1961); Knauer v. Levy, 115 So.2d 776, 777 (Fla.3d DCA 1959).
No affirmative defense having been established in this case the judgment in favor of the maker's estate is reversed for entry of a proper judgment in favor of the payee-holder of the note.
REVERSED AND REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The original promissory note duly signed was physically attached to the original mortgage following language referring to "the certain promissory note hereinafter substantially copied or identified." Even if this language had clearly referred to the note as having been a copy it would not be sufficient to make an original executed note a copy because merely calling an object something that it is not does not make it what it is called and the object remains what it is in fact.