534 So.2d 914 (1988)
Rene PEREZ, Appellant, and Marta Perez, and Rene Perez & Associates, Inc., a Florida Corporation, Cross-Appellees,
v.
Manuel RIVERO, Appellee/Cross-Appellant.
No. 87-2374.
District Court of Appeal of Florida, Third District.
December 13, 1988.
*915 Michael E. Anderson, Miami, for appellant and cross-appellees.
G. Frank Quesada, Coral Gables, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and BASKIN[*] and FERGUSON, JJ.
PER CURIAM.
Rene Perez and Manuel Rivero were partners in an accounting and data processing firm. On February 5, 1982, by a contract terminating the partnership, it was agreed that Perez would retain the data processing clients and Rivero would continue to service the accounting customers. Perez further agreed to pay Rivero $90,000 for the purchase of Rivero's half interest in an office building owned by the partnership and to assume all the partnership's liabilities.
Perez paid Rivero $10,000 and executed two promissory notes, one for $5,000 and one unsecured note for $75,000, as part of the purchase agreement. The $75,000 note, made payable in monthly installments, is the subject of this lawsuit. When *916 Perez subsequently formed a new company, Rene Perez & Associates, Inc., the new company continued to make the monthly note payments to Rivero. However, in December 1985, the corporation stopped paying the note leaving an unpaid principal balance of $22,056.
Rivero commenced this action against Perez to collect the balance due on the promissory note and to establish an equitable lien on property of Rene Perez & Associates, Inc. Perez admitted that the nonpayment was purposeful. He asserts entitlement to the balance due on the note as a set-off for damages caused by Rivero's breach of the purchase agreement. Perez alleges that Rivero continued to perform data processing work for a client, AeroPeru, in violation of a promise that all data processing work done by the former partnership would be handled by Perez. Perez counterclaimed for $30,000 for the loss of the value of AeroPeru's business.
Perez appeals the final judgment entered in favor of Rivero for the balance due on the note and the denial of any set-off or damages for Perez. Rivero cross-appeals against Perez's wife, Marta, an alleged co-signor on the note, and the corporation. Perez contends that Rivero breached the dissolution agreement when he took on AeroPeru as a data-processing client, was unjustly enriched, and tortiously interfered with Perez's business relationship with AeroPeru.
We affirm because the trial judge's factual determinations are supported by competent and substantial record evidence. Raheb v. Di Battisto, 483 So.2d 475 (Fla. 3d DCA 1986). AeroPeru had been a long-time client of Perez & Rivero, without a contract, in a business relationship that was terminable at will by either party. Although the general rule is that an action will lie where a party tortiously interferes with a contract terminable at will, Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982), it is only direct and unjustified interference that is actionable. Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). If the defendant can prove that the interference was lawful competition  a privilege which the courts recognize when a contract is terminable at will  the defendant will not be found to have committed the tort of wrongful business interference. Unistar, 415 So.2d at 735. Cf. Insurance Field Servs., Inc. v. White & White Inspection and Audit Servs., Inc., 384 So.2d 303 (Fla. 5th DCA 1980).
The parties did not covenant that Perez would handle all the data processing business of former partnership clients as part of the consideration for the $90,000 purchase price paid by Perez. Neither did the parties agree, expressly or implicitly, not to compete. Moreover, testimony at the trial revealed that AeroPeru was not solicited by Rivero. Instead, AeroPeru executives sought Rivero's services because of dissatisfaction with Perez's work. So long as unlawful or improper means are not employed, activities in which one engages to safeguard or promote one's own financial interests are non-actionable. Knight Enters., Inc. v. Green, 509 So.2d 398 (Fla. 4th DCA 1987); Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683 (Fla. 3d DCA 1986); Ethyl Corp., 386 So.2d at 1225.
Addressing the cross-appeal, no reason is shown why a judgment should not have been entered against Marta Perez as co-signor on the sued upon note. Marta stated in her answer to the complaint that she did not sign the promissory note yet neither she nor Mr. Perez raised any objection to the introduction of the signed note into evidence. Mrs. Perez presented no evidence to support her affirmative defense, therefore, Rivero was entitled to recover. A promissory note admitted into evidence is sufficient, without other extrinsic proof, to establish a prima facie case in an action on the note. A defendant attacking the regularity of the note by an affirmative defense must prove irregularity. See Haycook v. Ostman, 397 So.2d 743 (Fla. *917 5th DCA 1981). On remand the judgment should be amended to include Marta Perez as a debtor.
The appeal is affirmed, the cross-appeal is reversed in part, and the cause is remanded for further consistent proceedings.
NOTES
[*] Judge Baskin participated in the decision but did not hear oral argument.