572 So.2d 14 (1990)
Marie DAVIDS, Appellant,
v.
A.R.A. SERVICES, INC., Appellee.
No. 89-918.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Joseph W. Gibson, Miami, for appellant.
George, Hartz & Lundeen and Esther E. Galicia, Coral Gables, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
PER CURIAM.
Marie Davids was employed for fourteen years at a newsstand located at the Miami International Airport. The newsstand is managed, operated, and maintained by ARA Services, Inc., pursuant to a Management Agreement with Dade County. When Davids was terminated from her position at the newsstand, she filed a declaratory relief action for a determination whether she was entitled to post-termination proceedings afforded to Dade County employees pursuant to section 2-47 of the Dade County Code.[1] She based her claim on the theory that she was a third-party beneficiary of the Management Agreement between Dade County and *15 ARA, and thus entitled to the rights and benefits of county employees.
Dade County moved for summary judgment arguing that Davids was not a third-party beneficiary because the Management Agreement expressly provides that "officers, agents, and employees of Management [ARA] shall not be deemed to be employees of the County for any purpose whatsoever." In support of its motion, Dade County filed affidavits of the parties who negotiated and prepared the Management Agreement. They testified that the Agreement was not intended to confer upon ARA employees the status of county employees, nor was it intended to provide ARA employees with the rights and benefits afforded to county employees. The trial court granted a final summary judgment in favor of ARA Services and Dade County from which Davids now brings this appeal.
It is a basic tenet of contract law that only intended beneficiaries may sue on a contract. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985); Security Mut. Cas. Co. v. Pacura, 402 So.2d 1266 (Fla. 3d DCA 1981). An incidental beneficiary acquires no right of action against either the promisor or promisee, Restatement (Second) of Contracts § 315 (1981), and thus he is not afforded a remedy under the contract. Gray v. Executive Drywall, Inc., 520 So.2d 619 (Fla. 2d DCA), rev. denied, 529 So.2d 694 (Fla. 1988); Clearwater Key Ass'n  S. Beach, Inc. v. Thacker, 431 So.2d 641 (Fla. 2d DCA), rev. denied, 438 So.2d 834 (Fla. 1983). The test in determining whether someone is an intended or an incidental beneficiary is the test of "intent to benefit" the beneficiary. J. Calamari & J. Perillo Contracts § 17-2 (2d ed. 1977); Clark & Co. v. Department of Ins., 436 So.2d 1013 (Fla. 1st DCA 1983).
The narrow question we decide is whether the appellant was an intended third-party beneficiary of the Dade County-ARA contract. In this case no evidence was presented that the parties entered into the Management Agreement with the intent that the benefit was to run to employees of ARA. The writing itself, which is generally the best evidence of intent, clearly states that ARA employees are not employees of Dade County. See J. Calamari & J. Perillo, supra, at 608. Moreover, the subjective intent of the contracting parties, as expressed in the affidavits, expressly negates an intent to confer on ARA employees the benefits of county employees. As such, the trial court was correct in entering a summary judgment.
The summary judgment declaring that the plaintiff is not a third-party beneficiary of Dade County's contract with ARA is affirmed.
COPE and GERSTEN, JJ., concur.
FERGUSON, Judge (concurring).
I agree with the result, but would add that we have not adjudicated the merits of any claim the appellant may have against ARA. A declaratory judgment seeks only a judicial declaration as to the existence and effect of a relationship between the parties. The effect of the judgment, unlike a money judgment, is not to merge the cause of action in the judgment, but to make res judicata only the matters actually declared by the judgment. North Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla. 3d DCA 1957); 19 Fla.Jur.2d Declaratory Judgments § 57 (1980).
NOTES
[1] Davids, a supervisor at the newsstand, claimed that she was unfairly blamed for the high rate of inventory shrinkage at the retail outlet. Because she was responsible for only one of three eight-hour shifts at the twenty-four hour operation, and it was impossible to determine which shift was responsible for the shrinkage problem, Davids argues she was wrongfully singled out as the source of the problem.