629 So.2d 252 (1993)
Jack J. GREENBERG, M.D., et al., Appellants,
v.
MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, INC., etc., et al., Appellees.
No. 92-1919.
District Court of Appeal of Florida, Third District.
December 14, 1993.
Rehearing Denied January 28, 1994.
*254 Zack, Hanzman, Ponce, Tucker & Gillespie and Mark D. Greenberg, Charles R. Lipcon, Cooper & Wolfe and Sharon Wolfe and Barbara A. Silverman, Miami, for appellants.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel W. Perwin, Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector and Scott E. Perwin, Miami, for appellees.
Before NESBITT, FERGUSON and GODERICH, JJ.
NESBITT, Judge.
This is an appeal from the dismissal with prejudice of plaintiffs' third amended complaint. We affirm in part and reverse in part.
Plaintiffs, Drs. Greenberg and Yahr, are cardiac surgeons. Dr. Jack J. Greenberg was chairman of the department of thoracic and cardiovascular surgery at the defendant hospital, Mount Sinai Medical Center (Mt. Sinai), in Miami, for twenty-three years, and Dr. William Z. Yahr has been associated with Dr. Greenberg for the past eighteen years. When Dr. Greenberg resigned as chairman of the department, both he and Dr. Yahr continued to maintain staff privileges at Mt. Sinai. Thereafter, Mt. Sinai appointed defendant Dr. Donald Williams as chairman of the department.
According to plaintiffs, after Dr. Williams' appointment, they began experiencing difficulty in obtaining operating room time and hospital personnel to assist them in the operating room, particularly perfusionists who maintain a patient's circulation by mechanical means during open heart surgery. They also claimed that defendants had influenced patients to see Dr. Williams instead of plaintiffs, had offered inducements to referring *255 physicians to send patients to Dr. Williams instead of plaintiffs, and refused to honor the recommendations of referring physicians who sent patients to plaintiffs. Plaintiffs also accused defendants of telling patients that plaintiffs no longer practiced cardiac surgery at Mt. Sinai, and of setting up various obstacles for plaintiffs to perform even emergency procedures.
Plaintiffs filed a complaint against Mt. Sinai and Dr. Williams. Ultimately, the complaint consisted of counts for tortious interference with advantageous business relationships, civil conspiracy for tortious interference with advantageous business relationships, restraint of trade, breach of contract, breach of implied covenant of good faith and fair dealing, and negligence. The counts for breach of contract and breach of implied covenant of good faith were limited to Mt. Sinai. The defendants moved to dismiss the complaint, and after three amendments, the trial court dismissed the third amended complaint with prejudice.
As a threshold matter, we address Mt. Sinai's argument that all of plaintiffs' common-law tort claims are barred by the economic loss rule. The economic loss rule prohibits the purchaser of a product or service from recovering in tort for economic losses when there has been no personal injury or damage to property other than the product itself. Casa Clara Condominium Ass'n v. Charley Toppino and Sons, Inc., 620 So.2d 1244 (Fla. 1993); AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180 (Fla. 1987); Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987). The rule thus limits plaintiffs trying to recover purely economic losses, defined as "`damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits  without any claim of personal injury or damage to other property,'" Casa Clara, 620 So.2d at 1246, quoting Note, Economic Loss in Products Liability Jurisprudence, 66 Colum.L.Rev. 917, 918 (1966), to whatever contract remedy they may have. The rule does not, however, apply where a tort independent of the breach of contract was committed. AFM Corp., 515 So.2d at 181; Electronic Sec. Sys. Corp. v. Southern Bell Tel. and Tel. Co., 482 So.2d 518, 519 (Fla. 3d DCA 1986); see generally American Medical Int'l, Inc. v. Scheller, 590 So.2d 947 (Fla. 4th DCA 1991) (en banc), review dismissed, 602 So.2d 533 (Fla. 1992). In the instant case, except for the negligence counts, plaintiffs have alleged torts independent of the alleged breach of contract. Since the negligence counts arise from the breach of contract and do not allege personal injury or property damage, we affirm the trial court's order dismissing those counts.
Next, we address plaintiffs' claim for tortious interference with advantageous business relationships. Elements comprising this tort are: 1) the existence of a business relationship under which the claimant has rights; 2) the defendant's knowledge of the relationship; 3) an intentional and unjustified interference with the relationship; 4) by a third party; and 5) damages to the claimant caused by the interference. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985); Sloan v. Sax, 505 So.2d 526, 527-28 (Fla. 3d DCA 1987). The general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will. Perez v. Rivero, 534 So.2d 914, 916 (Fla. 3d DCA 1988). This is so because when a contract is terminable at will there is only an expectancy that the relationship will continue. In such a situation, a competitor has a privilege of interference in order to acquire the business for himself. Wackenhut Corp. v. Maimone, 389 So.2d 656, 658 (Fla. 4th DCA 1980), review denied, 411 So.2d 383 (Fla. 1981). If a competitor proves that the interference was lawful competition he will not be found to have committed the tort. Unistar Corp. v. Child, 415 So.2d 733, 734-35 (Fla. 3d DCA 1982).
Defendants argue that the trial court granted the motion to dismiss because the allegations, on their face, gave rise to the defense of a privilege of competition. Plaintiffs alleged that they had established and maintained advantageous business relationships with both referring physicians and patients they had previously operated on, that defendants knew of these relationships, that *256 defendants had intentionally and unjustifiedly interfered with the relationships, and that they had suffered damages as a result. We hold plaintiffs' allegations sufficient to meet the requirements necessary to state a cause of action for intentional interference. Scheller v. American Medical Int'l, Inc., 502 So.2d 1268, 1272 (Fla. 4th DCA), review denied, 513 So.2d 1060 (Fla. 1987); Lawler v. Eugene Wuesthoff Memorial Hosp., 497 So.2d 1261, 1263 (Fla. 5th DCA 1986); Wackenhut Corp., 389 So.2d at 658. After such a prima facie showing, the burden then shifts to the defendants to justify the interference. Since in reviewing a motion to dismiss we must accept the well-plead allegations of the complaint as true, Cutler v. Board of Regents, 459 So.2d 413, 414 (Fla. 1st DCA 1984), the trial court erred in dismissing this count based on privilege. See Weisfeld v. Peterseil School Corp., 623 So.2d 515, 515 (Fla. 3d DCA 1993) (whether the privilege defense exists is a question of fact which must be resolved at trial). Thus, we reverse the trial court's dismissal of this count.
We next address plaintiffs' count for civil conspiracy for tortious interference with advantageous business relationships, which includes allegations for conspiracy through abuse of economic power. An action for conspiracy to interfere with one's profession requires a combination of two or more persons or entities, having a common purpose, seeking to accomplish the underlying tort of interference. Buckner v. Lower Florida Keys Hosp. Dist., 403 So.2d 1025, 1029 (Fla. 3d DCA 1981), review denied, 412 So.2d 463 (Fla. 1982). Ordinarily, a corporation cannot conspire with its own directors, officers, or employees since the corporation acts through these individuals. Hackett v. Metropolitan Gen. Hosp., 422 So.2d 986, 988 n. 2 (Fla. 2d DCA 1982); Buckner, 403 So.2d at 1029. However, an exception exists when the individual has an independent personal stake, apart from that of the corporation, in achieving the object of the conspiracy. Buckner, 403 So.2d at 1029.
We find that plaintiffs properly alleged a conspiracy to interfere with business relationships. We determined above that plaintiffs properly alleged the underlying tort of interference. Further, plaintiffs alleged that Mt. Sinai, Dr. Williams and other named and unnamed coconspirators had independent personal stakes in achieving the object of the conspiracy. Moreover, it was alleged that Dr. Williams and the other named and unnamed coconspirators were employees of Mt. Sinai for some purposes but not employees for other purposes. The complaint failed to allege, however, the tort of conspiracy through abuse of economic power. Such a tort is actionable where a plaintiff can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which could not be possessed by an individual. Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547, 550 (Fla. 1977). We find that such a unique amalgamation of power was not alleged. But see Margolin v. Morton F. Plant Hosp. Ass'n, 342 So.2d 1090 (Fla. 2d DCA 1977).
Plaintiffs' complaint also included a claim that defendants conspired to restrain trade in violation of sections 542.18 and 542.22, Florida Statutes (1991), and related statutes. Section 542.18 provides that "[e]very contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful." The section is patterned after section 1 of the Sherman Antitrust Act, and has as its purpose "to complement the body of federal law prohibiting restraints of trade or commerce in order to foster effective competition." § 542.16, Fla. Stat. (1991); Hackett, 422 So.2d at 986.
The complaint, in sum, alleges that Mt. Sinai conspired with the head of cardiology, and a perfusionist, among others, to exclude Drs. Greenberg and Yahr from practicing at Mt. Sinai and to sway patients to Dr. Williams. Defendants challenged the count on two grounds: 1) it failed to allege a multiplicity of economic actors; and 2) it alleged neither a per se violation of section 542.18 nor the anti-competitive effects of defendants' conduct on the market.
Because the multiplicity of actors argument has been sufficiently rejected in our discussion relating to the conspiracy count, we now consider defendants' second point, the plaintiffs' failure to allege either a per se *257 violation or anti-competitive effects of defendants' actions on the market. We agree with defendants' analysis and thus conclude the restraint of trade count was properly dismissed below.
"Antitrust laws are for the protection of competition, not primarily for the protection of individual competitors." St. Petersburg Yacht Charters, 457 So.2d 1028, 1047 (Fla. 2d DCA 1984). A complaint which does not allege a per se[1] violation must in sum contain three elements: a) a specifically defined market, L.A. Draper & Sons v. Wheelabrator-Frye, Inc., 735 F.2d 414, 422 (11th Cir.1984); b) an allegation that defendants possessed the ability to affect price or output; and c) an allegation that plaintiff's exclusion from the market did affect or was intended to affect the price or supply of goods in that market. It is not enough to allege that plaintiffs were injured; there must be an allegation of harm to competition in general. Roberts's Waikiki U-Drive, Inc. v. Budget Rent-A-Car Sys., Inc., 732 F.2d 1403, 1408 (9th Cir.1984); Manufacturing Research Corp. v. Greenlee Tool Co., 693 F.2d 1037, 1043 (11th Cir.1982).
One court has expressed this requirement as follows:
The legislators who passed the Sherman Act did not make ordinary business torts federal torts for which treble damages could be recovered... . Their concern ... was with practices that by making markets less competitive hurt the people buying from or selling to the firms in those markets. To injure .. . one or two competitors in a market will not, if there are many competitors in that market, have much effect on consumers or anyone else besides the competitors in question.
Sutlift, Inc. v. Donavan Cos., 727 F.2d 648, 655 (7th Cir.1984). The Sutlift court affirmed the dismissal of an antitrust complaint stating that the plaintiff failed to allege injury in the antitrust sense because the complaint failed to show how weakening, or even destroying, plaintiff's business would injury the market "as distinct from the prosperity of the two sellers." Id. at 655.
A careful reading of the instant complaint demonstrates no allegations of injury to the market. This failure to allege specific injury to the cardiovascular-surgery market, as opposed to Dr. Greenberg's practice, is fatal to this cause of action. See Havoco of Am., Ltd. v. Shell Oil Co., 626 F.2d 549, 554 (7th Cir.1980) (to state a claim under the Sherman Act it is necessary to allege the marketwide anti-competitive effects of defendant's acts). Thus, the restraint of trade count was properly dismissed.
Finally, the trial court erred in dismissing plaintiffs' claims against Mt. Sinai for breach of contract and breach of implied covenant of good faith. Hospital bylaws, when approved and adopted by the governing board, become a binding and enforceable contract between the hospital and the physicians comprising the medical staff. Lawler, 497 So.2d at 1264. Plaintiffs alleged that the hospital breached the contract by, inter alia, denying them the use of hospital based perfusionists and by restricting and interfering with their access to hospital based services, including operating rooms and operating room personnel. Plaintiffs sought money damages as a result. The trial court dismissed both counts for plaintiffs' failure to exhaust administrative remedies.
A plaintiff will not be required to pursue and exhaust administrative remedies where they are not adequate. Southern Bell Tel. & Tel. Co. v. Mobile Am. Corp., 291 So.2d 199, 201 (Fla. 1974); Winter Springs Dev. Corp. v. Florida Power Corp., 402 So.2d 1225, 1228 (Fla. 5th DCA 1981). Here, plaintiffs sought money damages for Mt. Sinai's alleged breach of contract. Since the remedy provided by the bylaws does not allow for money damages, the trial court acted improperly in dismissing both the breach of contract and breach of implied covenant of good faith counts on exhaustion grounds. Fernandez v. Vazquez, 397 So.2d 1171 (Fla. *258 3d DCA 1981) (a party's good faith cooperation is an implied condition precedent to performance of a contract).
For the foregoing reasons, the order dismissing the plaintiffs' third amended complaint is affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] A per se violation is one which requires no proof of anti-competitive effect and is limited to practices which are presumed to affect the market such as price-fixing, group boycotts, and customer allocations. St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc., 457 So.2d 1028, 1040 (Fla. 2d DCA 1984). None of those activities is alleged in this case.