PER CURIAM.
This is an appeal by the plaintiff Irene Sokoloff from an adverse final summary judgment entered in favor of the defendant Travelers Insurance Company in an action sounding in breach of contract and negligence. The sole point raised on appeal is that the trial court erred in entering summary judgment for the defendant on the negligence count. We disagree and affirm.
First, it is undisputed that InterAm-erican Underwriters, Inc. was not the agent of the defendant Travelers, and, accordingly, Travelers was not legally responsible for In-terAmerican’s negligent, if not fraudulent, failure to remit the plaintiffs application for automobile accident insurance and premium checks to Travelers until after the plaintiff was injured in an automobile accident, thereby depriving the plaintiff of uninsured motorist coverage for the subject accident.
Second, it is undisputed that Travelers’ contract duty, under an agreement with the Florida Joint Underwriting Association to notify the Association of any failure of InterAmerican to remit promptly any premiums collected on a Travelers’ insurance policy, was a duty owed solely to the Association. Indeed, the subject agreement expressly provided that the agreement was solely between Travelers and the Association and that no insured, such as the plaintiff, “shall have or acquire any rights by reason of the execution and delivery of this [ajgreement or the performance of any obligations or duties hereunder.” Consequently, the defendant Travelers breached no contract duty to the plaintiff. Moreover, we conclude, contrary to the plaintiffs argument, that based on this agreement Travelers had no common law tort duty to the plaintiff of any kind — and, even if it arguably did, the defendant’s breach of this alleged duty was not, as a matter of law, a proximate cause of the plaintiffs economic loss in this case. See Greenberg v. Mount Sinai Medical Ctr. of Greater Miami, Inc., 629 So.2d 252, 255 (Fla. 3d DCA 1993); Davids v. A.R.A. Servs., Inc., 572 So.2d 14 (Fla. 3d DCA 1990); Gulfstar, Inc. v. Advance Mortgage Corp., 376 So.2d 243 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 633 (Fla.1990).
Affirmed.