652 So.2d 394 (1995)
Cheryl Ann TROUPE, Appellant,
v.
Joe REDNER, Appellee.
No. 93-04322.
District Court of Appeal of Florida, Second District.
February 10, 1995.
Rehearing Denied March 7, 1995.
*395 John B. Gibbons of Gibbons & Partlow, P.A., Tampa, for appellant.
Thomas C. Little of Thomas C. Little, P.A., Clearwater, for appellee.
FRANK, Chief Judge.
Our function when reviewing an order of dismissal entered pursuant to rule 1.140(b), Florida Rules of Civil Procedure, is confined to whether the trial court properly concluded that the complaint did not state a cause of action. In reaching that determination, we must take the pleaded facts as true and we are not concerned with the quality of the allegations or how they will ultimately be proved. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956); Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991). The facts Cheryl Ann Troupe alleged in her pleading fail to state a cognizable claim and, hence, we affirm the trial court.
Joe Redner borrowed a large sum from Troupe evidenced by an unsecured promissory note. Troupe pledged the Redner note to the Central Bank of Tampa (Bank) as collateral to support loans to Cesar and Betty Rodriguez and to C.A.R. of Tampa, Inc. (the debtors). The hypothecation agreement between Troupe and the Bank, formalizing her transfer of the Redner note, provides, in part, that the
Bank shall have, but shall not be limited to, the following rights, each of which may be exercised at any time and from time to time, without notice to the undersigned, ... whether or not any of the liabilities is due: ... to enforce collection of any of the Collateral by suit or otherwise, and surrender, release, or exchange all or any part thereof, or make any compromise or settlement it deems desirable with reference to any of the Collateral... .
The debtors defaulted in their obligation to the Bank and, for reasons not detectable in the record, the Bank assigned to Redner the note he had executed in favor of Troupe which, as is noted above, she, in turn, had given the Bank as collateral for the debtors' loan. After Redner received the note from the Bank, he stopped payment on it. Troupe sued him for a declaration of her rights and for accelerated enforcement of the debt. Redner moved to dismiss the lawsuit based upon the Bank's unconditional assignment of the note to him. The trial court granted Redner's motion with prejudice.
Troupe asserts in her amended complaint that because the debtors' obligations to the Bank were satisfied by proceeds from a forced sale of the debtors' collateral she was left with an "equity of redemption" enforceable against Redner. We disagree. To foreclose upon a promissory note, the plaintiff must be the "holder" in order to be the real party in interest. Withers v. Sandlin, 36 Fla. 619, 18 So. 856 (1896); Laing v. Gainey Builders, Inc., 184 So.2d 897 (Fla. 1st DCA 1966). The "holder" is the *396 "person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to the bearer or in blank." § 671.201(20), Fla. Stat. (1993). Despite the attestation in Troupe's petition that "she is the holder of the [n]ote," the indisputable facts are that she assigned the note to the Bank, and the Bank, as holder, assigned the note to Redner. Once Troupe pledged the note to the Bank, legal title vested in the Bank. See, e.g., Travelers Ins. Co. v. Tallahassee Bank and Trust Co., 133 So.2d 463 (Fla. 1st DCA 1961) (the effect of assignment of insurance policy as collateral is that legal title vests in assignee subject to insured's right of redemption by payment of the principal debt for which the policy serves as security), cert. denied, 138 So.2d 332 (Fla. 1962). Troupe has no right to maintain an action on a note not in her possession.
Troupe may not be entirely without a remedy, however. If the proceeds from the note exceeded the obligation that the note was pledged to secure, Troupe may seek to enforce a right of redemption in the collateral. See § 679.506, Fla. Stat. (1993). Pursuant to Florida's Uniform Commercial Code, when default occurs the secured creditor, prior to disposing of the collateral, is required to notify the owner of collateral "of the time after which any private sale or other intended disposition is to be made." § 679.504(3), Fla. Stat. (1993). Assuming that Troupe did not receive reasonable notification of the conveyance to Redner, or renounce her right to such notice, she may have a cognizable claim against the Bank; she does not, however, have a claim against Redner, the subsequent assignee, who received the collateral free of all the owner's rights and interests in spite of a secured creditor's noncompliance with the Code. § 679.504(4), Fla. Stat. (1993); see also, Dependable Ins. Co., Inc. v. Landers, 421 So.2d 175 (Fla. 5th DCA 1982).
Affirmed.
PARKER and QUINCE, JJ., concur.