WALLIS, J.
Accident Cleaners, Inc. (“Appellant”), as an assignee of the right to recover under a homeowner’s insurance policy, appeals a dismissal with prejudice of its breach-of-contract claim against Universal Insurance Company of North America (“Appellee”). Appellant argues that the trial court incorrectly held that section 627.405, Florida Statutes (2013), required Appellant to have an insurable interest in the homeowner’s home at the time of loss. We agree with Appellant and strictly construe section 627.405, holding that a post-loss assignee is not required to have an insurable interest at the time of loss. Accordingly, we reverse and remand for reinstatement of the complaint.
Appellant filed a complaint, alleging that Joseph Gerena assigned rights under the insurance policy to Appellant to directly bill Appellee after Appellant .provided nec *2 essary emergency cleanup services' .and construction services to repair Gerena’s home from damage caused by a decomposing body.[1] Appellant submitted invoices for the services, but Appellee failed to pay the full amount. The trial court dismissed the amended complaint, holding that the complaint was insufficiently pleaded because section 627.405 required Appellant to have an insurable interest.
Appellant filed an amended complaint, adding an allegation that Gerena had an insurable interest in the dwelling at the time of loss. Appellant alleged that because Gerena had an insurable interest in the dwelling, he was free to assign his rights and benefits under the policy to Appellant. The trial court dismissed the complaint with prejudice because Appellant did not have an .insurable interest in Gerena’s home at the time of loss.
Appellee admits that Gerena maintained an insurance policy covering the insurable interest (the home) on the date of the loss. Thus, the sole issue before this court is whether section 627.405 requires a post-loss assignee to have an insurable interest at the time of loss. “Because the determination whether a complaint sufficiently states a cause of action resolves an issue of law, an order granting a motion to dismiss is reviewable on appeal by the de novo standard of review.” Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001) (citing City of Gainesville v. Dep’t of Transp., 778 So.2d 519 (Fla. 1st DCA 2001)). .Furthermore, statutes in derogation of common law are subject to strict interpretation. See S. Attractions, Inc. v. Grau, 93 So.2d 120, 123 (Fla.1956). This court summarized .the standard, as follows:
This rule is in accord with the general rule of statutory construction which provides that “a statute in derogation of the common law must be strictly construed.” Ady v. Am. Honda Fin. Corp., 675 So.2d 577, 581 (Fla.1996) (citation omitted). Moreover, “a court .will presume that such a statute was not intended to alter the common law other than by what was clearly and plainly specified in the statute.” Id. (citation omitted); see also Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 364 (Fla.1977) (“Statutes in derogation of the common law ... will not be interpreted to displace the common law further than is clearly necessary.”).
Guerrier v. State, 811 So.2d 852, 854 n. 2 (Fla. 5th DGA 2002). ’
Appellee argues only a person with .an insurable interest at the time of loss can enforce the contract under the plain language of section 627.405,[2] which provides:
(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.
(2) “Insurable interest” as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the *3 insurance free from loss, destruction, or pecuniary damage or impairment.
(3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.
Appellee’s argument ignores that the right to recover is freely assignable after loss and that an assignee has a common-law right to sue on a breach of contract claim. Dating back to 1917, the Florida Supreme Court recognized that provisions in insurance contracts requiring consent to assignment of the policy do not apply to assignment after loss. W. Fla. Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209, 210-11 (1917); see Cont'l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 377 n. 7 (Fla.2008) (reaffirming the principle from W. Fla. Grocery Co. that the law is well-settled that anti-assignment provisions do not apply after loss); Lexington Ins. Co. v. Simkins Indus., Inc., 704 So.2d 1384, 1386 n. 3 (Fla.1998) (“[A]n insured may assign insurance proceeds to a third party after a loss, even Without the consent of the insurer.” (citing Better Constr., Inc. v. Nat’l Union Fire Ins. Co. of Pittsburgh, 651 So.2d 141, 142 (Fla. 3d DCA 1995))). Furthermore, the right to sue for a breach of contract to enforce assigned rights was recognized early in Florida history. See Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55, 57 (Fla.2000) (“The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution.” (citing Robinson v. Nix, 22 Fla. 321 (1886))).
In section 627.405, the Legislature did not state that it was displacing well-settled common law of (1) the free assigna-bility of contractual rights to recover or (2) the inability for insurers to restrict post-loss assignments. Thus, Appellee has not overcome the presumption that the Legislature did not intend in section 627.405 to alter common law. We therefore construe section 627.405 to require the property owner who holds the policy to have an insurable interest at the time of loss. The property owner’s insurable interest is imputed to the post-loss assignee. This interpretation allows both the insurable-interest requirement and free assignability of post-loss claims to coexist.[3]
Because Gerena — the homeowner, original policy holder, and assignor — had an insurable interest at the time of loss, we reverse’and fémand for reinstatement'of the amended complaint.
REVERSED and REMANDED.
TORPY, C.J., and EDWARDS, J., concur.

, Although the facts have yet to be proven, for purposes of an appeal from a dismissal of a complaint, we take the allegations and any reasonable inferences drawn therefrom as ' true and in favor of the nonmoving party. See Minor v. Brunetti, 43 So.3d 178, 179 (Fla. 3d DCA 2010) (citations omitted).

. The language in section .627.405 was originally enacted in 1959. Ch. 59-205, § 405, Laws of Fla. It was renumbered to the present section in 1969 without changes to the language.

. The rationale behind requiring an insurable interest is honored with this holding. The purpose of an insurable-interest requirement at the time of loss is to prevent wagering contracts. Aetna Ins. Co. v. King, 265 So.2d 716, 718 (Fla. 1st DCA 1972) ("The public policy of this state renders an insurance policy invalid when the insured has no insurable interest in the property or [the] risk insured on the grounds that same constitutes a wagering contract.”). The free assignability of post-loss claims does not violate the prohibition on wagering contracts. ' '