DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMERGENCY SERVICES 24, INC.** a/a/o **JAY MEISELMAN,**
Appellant,

v.

**UNITED PROPERTY & CASUALTY INS. CO.,**
Appellee.

Nos. 4D14-576 & 4D14-3320

[ May 20, 2015 ]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 502011CA007170.

Mitchell B. Haller of Katzman Garfinkel, P.A., Margate, for appellant.

Andrew A. Labbe of Groelle & Salmon, P.A., Tampa, and Sarah Lahlou-Amine of Buchanan Ingersoll & Rooney PC / Fowler White Boggs, Tampa, for appellee.

TAYLOR, J.

In Case Number 4D14-576, appellant, Emergency Services 24 ("ES24"), as an alleged assignee of the insured under a homeowner's policy, appeals a final summary judgment entered in favor of United Property and Casualty Insurance Company in ES24's lawsuit for breach of contract. Because the trial court erred in finding that the anti-assignment clause and the loss payment provision precluded the assignment, we reverse and remand for further proceedings. *See One Call Prop. Servs. v. Sec. First Ins. Co.*, No. 4D14-424 (Fla. 4th DCA May 20, 2015).

We emphasize, however, that we decline to reach any of the insurer's other challenges to the assignment, including whether the assignment violates the public adjuster statute or the statute governing insurable interests,[1] or whether the assignment is a partial assignment that cannot

---

[1] For the trial court's benefit on remand, we note that the Fifth District recently held that a post-loss assignee is not required to have an insurable interest at the time of loss. *See Accident Cleaners, Inc. v. Universal Ins. Co.*, 2015 WL 1609973

be enforced against the insurer without its consent. The trial court should address these issues in the first instance. *See Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) (declining to apply the tipsy coachman doctrine and explaining that an appellate court should not ordinarily decide issues not ruled on by the trial court in the first instance).

In Case Number 4D14-3320, the insurer appeals a final order denying its motion for attorney's fees on the ground that its proposal for settlement was invalid. Because we are reversing the summary judgment in favor of the insurer, the question of whether the insurer is entitled to attorney's fees is premature. We therefore reverse and vacate the order denying attorney's fees without expressing any opinion as to the validity of the proposal for settlement.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and MAY, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

(Fla. 5th DCA Apr. 10, 2015). The court explained that the legislature, in enacting section 627.405, Florida Statutes, "did not state that it was displacing well-settled common law of (1) the free assignability of contractual rights to recover or (2) the inability for insurers to restrict post-loss assignments." *Id.* at *2.