DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASAP RESTORATION AND CONSTRUCTION, INC.** a/a/o **SUZANNE CASEY,**
Appellant,

v.

**TOWER HILL SIGNATURE INSURANCE CO.,**
Appellee.

No. 4D13-4174

[ May 20, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack Schramm Cox, Judge; L.T. Case No. 502012CA019785.

Susan W. Fox of Fox & Loquasto, P.A., Orlando, and Ely R. Levy and Venessa Valdes of Militzok & Levy, P.A., Hollywood, for appellant.

Karen J. Jerome Smith of Groelle & Salmon, P.A., West Palm Beach, and Kara Berard Rockenbach of Methe & Rockenbach, P.A., West Palm Beach, for appellee.

TAYLOR, J.

ASAP Restoration and Construction appeals a final order dismissing a complaint that it filed, as an assignee of an insured on a homeowners' policy, against Tower Hill Signature Insurance for breach of contract. Because the trial court erred in finding that the anti-assignment clause and the loss payment provision precluded the assignment, we reverse and remand for further proceedings. *See One Call Prop. Servs. v. Sec. First Ins. Co.*, No. 4D14-424 (Fla. 4th DCA May 20, 2015).

We emphasize, however, that we decline to reach any of the insurer's other challenges to the assignment, including whether the assignment violates the public adjuster statute or the statute governing insurable interests,[1] or whether the language of the assignment was so broad that it

[1] For the trial court's benefit on remand, we note that the Fifth District recently held that a post-loss assignee is not required to have an insurable interest at the

constituted an assignment of the entire policy in violation of the anti-assignment clause.[2]  The trial court should address these issues in the first instance.  *See Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) (declining to apply the tipsy coachman doctrine and explaining that an appellate court should not ordinarily decide issues not ruled on by the trial court in the first instance).

*Reversed and Remanded.*

DAMOORGIAN, C.J., and MAY, J., concur.

*        *        *

**_Not final until disposition of timely filed motion for rehearing._**

---

time of loss.  *See Accident Cleaners, Inc. v. Universal Ins. Co.*, 2015 WL 1609973 (Fla. 5th DCA Apr. 10, 2015).  The court explained that the legislature, in enacting section 627.405, Florida Statutes, "did not state that it was displacing well-settled common law of (1) the free assignability of contractual rights to recover or (2) the inability for insurers to restrict post-loss assignments."  *Id.* at *2.

[2] The last of these challenges was not adequately briefed and was raised by the insurer for the first time at oral argument.