# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

BERKLEY INSURANCE COMPANY,

Appellant,

v.

BANC OF AMERICA COMMUNITY DEVELOPMENT COMPANY, LLC, a wholly owned subsidiary of Bank of America, N.A.; BANK OF AMERICA, N.A., a national banking association; THE TEMPO AT ENCORE, LP, a Florida limited partnership; HOUSING FINANCE AUTHORITY OF HILLSBOROUGH COUNTY, a political subdivision of the State of Florida; CPDG2, LLC, a Florida limited liability company; THA TEMPO, LLC, a Florida limited liability company; TAMPA HOUSING AUTHORITY DEVELOPMENT CORPORATION, a Florida not-for-profit corporation; TAMPA HOUSING AUTHORITY, a political subdivision of the State of Florida; U.S. BANK, N.A., a national banking association; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation,

Appellees.

BANK OF AMERICA, N.A., and BANC OF AMERICA COMMUNITY DEVELOPMENT COMPANY, LLC,

Appellants,

v.

BERKLEY INSURANCE COMPANY; THE TEMPO AT ENCORE, LP, a Florida limited partnership; RBC TAX CREDIT EQUITY, LLC, a foreign limited liability company; RBC TAX CREDIT MANAGER II, INC., a foreign corporation; and HOUSING FINANCE AUTHORITY OF HILLSBOROUGH COUNTY, a political subdivision of the State of Florida,

Appellees.

_____

May 17, 2024

Appeal from the Circuit Court for Hillsborough County; Darren D. Farfante, Judge.

Ceci C. Berman and Joseph T. Eagleton of Brannock Berman & Seider, Tampa; E.A. Seth Mills, Jr., of Mills Law Group, Tampa; and Ty G. Thompson and Robert C. Graham, Jr., of Paskert Divers Thompson, Tampa, for Appellant Berkley Insurance Company.

Stacy D. Blank, Joseph H. Varner, III, and Avery A. Holloman of Holland & Knight LLP, Tampa, for Appellees Banc of America Community Development Company, LLC, and Bank of America, N.A.

No appearance for remaining Appellees.

Stacy D. Blank, Joseph H. Varner, III, Anthony J. Palermo, and Avery A. Holloman of Holland & Knight LLP, Tampa, for Appellants Bank of America, N.A., and Banc of America Community Development Company, LLC.

Ceci C. Berman, Joseph T. Eagleton, and Sarah B. Roberge of Brannock Berman & Seider, Tampa; E.A. Seth Mills, Jr., of Mills Law Group, Tampa; and Ty G. Thompson and Robert C. Graham, Jr., of Paskert Divers Thompson, Tampa, for Appellee Berkley Insurance Company.

No appearance for remaining Appellees.


PER CURIAM.

   For purposes of this opinion, we consolidate case numbers 2D2022-2617 and 2D2022-2812.  In case number 2D2022-2617,

Berkley Insurance Company appeals from the partial final summary judgment entered in favor of Banc of America Community Development Company, LLC (BACDC), and Bank of America, N.A. In case number 2D2022-2812, BACDC and Bank of America appeal from the final order denying their motion for attorney's fees and costs.

In its appeal from the partial final summary judgment, Berkley raises two issues, only one of which has merit: Berkley's argument that the trial court improperly granted BACDC and Bank of America's motion to dismiss for failure to state a cause of action Berkley's tortious interference and civil conspiracy claims against BACDC and Bank of America.

On review of an order granting a motion to dismiss based on the failure to state a cause of action, "we must take the pleaded facts as true and we are not concerned with the quality of the allegations or how they will ultimately be proved." *Morsani v. Major League Baseball*, 663 So. 2d 653, 655 (Fla. 2d DCA 1995) (quoting *Troupe v. Redner*, 652 So. 2d 394, 395 (Fla. 2d DCA 1995)). Berkley asserts that it stated a cause of action for both tortious interference and civil conspiracy and that the pleading requirement is a lower standard than whether Berkley may one day be able to prove those claims at trial. We agree that under Florida's "broad and liberal pleading concepts" the operative amended complaint stated causes of actions for tortious interference and civil conspiracy sufficient to withstand a motion to dismiss. *See Logan v. Morgan, Lewis & Bockius LLP*, 350 So. 3d 404, 414 (Fla. 2d DCA 2022) (quoting *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 951 (Fla. 3d DCA 1984)); *see also Morsani*, 663 So. 2d at 657 ("Where there is a qualified privilege to interfere with a business relationship, the privilege carries with it the obligation to employ means that are not improper. As the appellants

3

have pleaded their cause of action, the defendants' approval rights were exercised outside the context of the proper exercise of their rights." (citation omitted)); *Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc.*, 629 So. 2d 252, 256 (Fla. 3d DCA 1993) ("After such a prima facie showing [of the requirements necessary to state a cause of action for intentional interference], the burden then shifts to the defendants to justify the interference."); *Peacock v. Gen. Motors Acceptance Corp.*, 432 So. 2d 142, 144-45 (Fla. 1st DCA 1983) ("[W]ithout undertaking on this record to state definitively where [a plaintiff's] burden to allege 'unjustified' interference ends and where [a defendant's] burden to allege its 'privilege' begins, we conceive that the complaint alleges tortious conduct, motivated by a primary purpose to terminate [business] relationships . . . , sufficiently to withstand a motion to dismiss." (footnotes omitted)); *cf. GE Real Est. Servs., Inc. v. Mandich Real Est. Advisors, Inc.*, 337 So. 3d 416, 419-21 (Fla. 3d DCA 2021) (affirming trial court's dismissal with prejudice of tortious interference and conspiracy counts); *Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 651 (Fla. 4th DCA 2020) (affirming summary judgment where plaintiff did not meet its burden to defeat affirmative defense of privilege to interfere). The trial court should not have granted BACDC and Bank of America's motion to dismiss. Accordingly, the partial final summary judgment is reversed in part.

BACDC and Bank of America's motion for attorney's fees and costs was predicated upon the partial final judgment. Our reversal in part of that judgment necessitates vacatur of the fee order as premature. We therefore remand for the trial court to vacate the fee order. *See Emergency Servs. 24, Inc. v. United Prop. & Cas. Ins.*, 165 So. 3d 756, 757 (Fla. 4th DCA 2015) ("Because we are reversing the summary

4

judgment in favor of the insurer, the question of whether the insurer is entitled to attorney's fees is premature. We therefore reverse and vacate the order denying attorney's fees without expressing any opinion as to the validity of the proposal for settlement."); *see also Rodolph v. Rodolph*, 344 So. 3d 451, 458 (Fla. 4th DCA 2022) ("[B]ecause we reverse the Final Judgment, we also reverse the post-judgment orders."); *cf. JBJ Inv. of S. Fla., Inc. v. S. Title Grp.*, 251 So. 3d 173, 181 (Fla. 4th DCA 2018) ("Because we are reversing the summary judgment in favor of the Burgess Defendants, we vacate the order denying the Burgess Defendants' motion for attorney's fees."); *City of Hollywood v. Witt*, 939 So. 2d 315, 319 (Fla. 4th DCA 2006) (reiterating that Florida law "provides that where an award of attorney's fees is dependent upon the judgment obtained, the reversal of the underlying judgment necessitates the reversal of the fee award"). *See generally* § 768.79(7), Fla. Stat. (2022) (stating that it is only "[u]pon motion made by the offeror within 30 days *after the entry of judgment*" that a court must make certain determinations (emphasis added)). We need not address the issues raised in the appeal from the final order denying attorney's fees and costs. *See Schmidt v. JJJTB, Inc.*, 357 So. 3d 208, 213 (Fla. 2d DCA 2023) (reversing without discussion the fee order where the judgment upon which it was predicated was reversed), *review granted*, SC2023-0915, 2023 WL 7132835 (Fla. Oct. 30, 2023); *Witt*, 939 So. 2d at 319 (reversing fee order without reaching the issue argued where the underlying judgment was reversed).

As to case number 2D2022-2617, we affirm in part, reverse in part, and remand. As to case number 2D2022-2812, we reverse and remand.

BLACK, LUCAS, and LABRIT, JJ., Concur.

5

Opinion subject to revision prior to official publication.