**MUNSTER STEEL COMPANY, INC., Appellant,**

v.

**The TRAVELERS INDEMNITY COMPANY, Appellee.**

**No. 20691.**

Court of Civil Appeals of Texas, Dallas.

July 15, 1981.

Timothy M. Fults, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellant.

Michael L. Parham, Gerald R. Powell, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

Before AKIN, STOREY and CARVER, JJ.

AKIN, Justice.

This is an appeal from a summary judgment granted to defendant, Travelers Indemnity Company, upon a cause of action seeking indemnity from Travelers by plaintiff, Munster Steel Company, under the terms of an insurance policy. Travelers' summary judgment motion asserted noncompliance with a condition precedent to its liability. Summary judgment was granted and Munster appeals. We hold that Travelers established noncompliance with a condition precedent, as a matter of law, and that Munster failed to raise an issue of fact in its response with respect to waiver by Travelers of the condition precedent. Accordingly, we affirm.

This controversy arose out of a contract between Munster Steel Company and Texas Projects and Systems, Inc. in which Munster Steel agreed to provide structural steel for a building construction project. Texas

Projects found the steel as provided unsatisfactory, withheld payment, and when Munster Steel filed suit on the account, counterclaimed for costs incurred in bringing the steel within contractual specifications and for expenses resulting from delays in completing the project. Travelers was Munster Steel's insurance carrier and had a duty to defend the suit if the damage asserted in the counterclaim was covered by the policy. Travelers employed a law firm to monitor the suit, tendering a defense with reservation of rights, while Munster Steel's law firm was counsel of record. The two law firms cooperated throughout the course of litigation, freely providing relevant information concerning the case. Munster Steel reached a settlement with Texas Projects and so notified Travelers' counsel who made no response. In accordance with the settlement, the suit was dismissed with prejudice. Munster Steel then sued Travelers for costs incurred in defending the suit, brought by Texas Projects.

The relevant policy provision is the "no action" clause, which provides:

> No action shall lie against the Travelers under any section of this policy unless, as a condition precedent thereto, there shall have been full compliance with all provisions of this policy applicable to such section, subject to the following:
>
> . . . .
>
> b. Sections II and III—such action shall not commence *until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured* after actual trial *or by written agreement of the Insured, the Claimant and the Travelers.* [Emphasis added.]

Compliance with this provision is a condition precedent to Travelers' liability. It is undisputed that no actual trial was had and that the written settlement agreement was not entered into by Travelers. Rather, Munster Steel asserts that Travelers waived the no action clause by its failure to object at any time to the settlement negotiations, even though fully apprised of them and by its failure to respond upon receiving notice of the proposed settlement agreement.

Because Travelers has established noncompliance with the no action clause, our question is whether Munster Steel's response raised a fact issue as to waiver of that clause in avoidance of the affirmative defense. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *see also Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 503–04 (Tex.Civ.App.—Dallas 1977, no writ). The parties concede that the waiver issue depends upon an analysis of the affidavit of Gary Smith, Munster Steel's attorney, which avers that Travelers' law firm received notice of the planned settlement. Munster Steel argues that the fact that Travelers was kept continually informed of the settlement negotiations and failed to object, together with the fact that Travelers' attorney failed to disapprove the settlement upon receipt of this notice, constituted a waiver of the requirement that Travelers consent in writing to the settlement agreement. We cannot agree. Although it is well-settled that waiver can be inferred from intentional conduct which is inconsistent with claiming a known right, we do not find such inconsistent conduct in this case. *Massachusetts Bonding & Insurance Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396 (Tex.1967). The fact that Travelers acquiesced to the negotiation process without objection is not in any way inconsistent with Travelers' position that it can only be bound by the final product of such negotiations if it consents in writing. Consequently, such course of conduct cannot constitute waiver. Nor does it rise to such a level when coupled with Travelers' silence when told of the proposed settlement because waiver cannot be inferred from mere silence. *Equitable Life Assurance Society of United States v. Ellis*, 137 S.W. 184, 188 (Tex.Civ.App.1910), *aff'd.*, 105 Tex. 526, 147 S.W. 1152 (1912); *see also Jordan v. City of Beaumont*, 337 S.W.2d 115, 119 (Tex.Civ.App.—Beaumont 1960, writ ref'd n. r. e.). Consequently, we hold that Munster Steel failed to establish a fact issue as to waiver, so as to avoid Travelers' affirmative defense of noncompliance with the no action clause of the policy.