651 So.2d 141 (1995)
BETTER CONSTRUCTION, INC., a Florida corporation, Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellee.
No. 94-334.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Rehearing Denied March 29, 1995.
Carlos Lidsky and Charles L. Vaccaro, Hialeah, for appellant.
Conroy, Simberg & Lewis and Hinda Klein, Hollywood, for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
*142 PER CURIAM.
Better Construction, Inc., appeals an order dismissing its complaint against National Union Fire Insurance Company of Pittsburgh. We reverse. Better sought to recover damages from National's insured for negligence. National provided a defense for its insured. Better entered into a consent judgment with National's insured which provided, in part, that the insured assigned its rights under the policy to Better and agreed to pay Better $80,000; National paid Better the amount provided in the consent judgment. Better then filed an action against National. National sought dismissal contending that the no-assignment and no-action policy provisions barred the action. The trial court agreed and dismissed the action.
We hold that the trial court erred in dismissing Better's complaint without leave to amend, where, as here, Better may be able to state a claim for breach of contract against National. Contrary to the trial court's ruling, neither the no-assignment clause nor the no-action clause precludes Better from stating a cause of action against National. The first reason is that a provision against assignment of an insurance policy does not bar an insured's assignment of an after-loss claim. West Fla. Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209 (1917); Gisela Inv., N.V. v. Liberty Mut. Ins. Co., 452 So.2d 1056 (Fla. 3d DCA 1984). Cf. § 627.422, Fla. Stat. (1993). The second reason is that Better may allege that National's payment pursuant to the consent judgment, without reservation of any rights, resulted in its approval of the settlement, and served to waive its rights under the no-action clause. Cf. Munster Steel Co. v. Travelers Indem. Co., 620 S.W.2d 771 (Tex. Ct. App. 1981) (insurer's knowledge of settlement negotiations and failure to disapprove of settlement insufficient to establish waiver of no-action clause). For the foregoing reasons, we reverse the dismissal and remand the cause.
Reversed and remanded.