DAVIS, Judge.
Zenith Insurance Company appeals the trial court order that transferred venue of its action against Commercial Forming Corporation to Broward County. Because we conclude that the venue provision contained in the application for insurance was a part of the insurance policy, we reverse the trial court’s order transferring venue in contravention of that venue provision.
In 1994, Commercial completed an application for workers’ compensation insurance coverage with Riscorp Insurance Company, the predecessor, of Zenith. Pursuant to that application, Riscorp insured Commercial for the policy year September 30, 1994,. through September 30, 1995. Commercial renewed the coverage policy for the year September 30, 1995, through September 30, 1996. In 2001, Zenith, as the successor to Riscorp, filed suit against Commercial in Sarasota County in accord with the application’s venue provision. Zenith sought to collect unpaid premiums for the policy year 1995-96. The complaint specifically alleged that Sarasota County was the proper venue because the application contained a provision that limited venue for litigation regarding the terms of the policy, including suits for collection of unpaid premiums, to Sarasota County.
Commercial objected to the venue being placed in Sarasota County, arguing that the venue provision in the application did not apply because the application was not part of.the actual insurance policy. Commercial cited the following policy language in support of its'argument:
This Policy includes at its effective date the Information Page and all endorsements and schedules listed there ... The only agreements relating to this Insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.
Commercial argued further that even if the application and the venue provision did apply to and become a part of the 1994-95 policy, it did not become a part of the 1995-96 policy and thus did not apply to the disputed 1995-96 premium, because Commercial did not submit a new application for that policy, term. The trial court agreed with Commercial that the venue provision contained in the 1994-95 application did not apply to the 1995-96 policy and ordered that venue be transferred to Broward County in accord with Commercial’s request. This was error.
*570 Florida law provides that an insurance contract is to be “construed according to the entirety óf its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto-.” § 627.419(1), Fla. Stat. (1993). Over thirty years ago, the Florida Supreme Court read this language to say: “The application thus becomes a part of the agreement between the parties and the policy together with the application form the contract of insurance.” Mathews v. Ranger Ins. Co., 281 So.2d 345, 348 (Fla.1973). The trial court thus erred in concluding that the 1994-95 application did not become a part of the 1994-95 policy.
The remaining issue is whether the terms of the application also apply to the renewed 1995-96 coverage. We conclude that they do. First, the terms of the application itself anticipate renewals. Paragraph (e) of the application provides: “That the Rating Information and/or [ (Accord 130-FL(1/91)) ] Renewal Certificates, when completed and returned to us by RISCORP of Florida, become part of this agreement.” Second, the provisions of the Florida Administrative Code governing the workers’ compensation insurance industry indicates that new applications are not required when coverage, is renewed. Fla. Admin. Code Ann. R. 4-189.003(2)(a). Finally, unless notice is given to the contrary, upon renewal of coverage by the payment of the new premium, the parties are entitled to assume that the terms of the renewed policy are the same as those in the original contract. Marchesano v. Nationwide Prop. and Cas. Ins. Co., 506 So.2d 410 (Fla.1987).
Accordingly, the trial court erred when it determined that the venue provision contained in the 1994 application did not apply to the coverage agreement for the policy year 1995-96. We reverse and remand for further proceedings.
WHATLEY and KELLY, JJ., concur.