NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

START TO FINISH RESTORATION, )
LLC, a/a/o HERBERT WILLIAMS, )
)
      Appellant, )
)
v. )     Case No. 2D15-2206
)
HOMEOWNERS CHOICE PROPERTY )
& CASUALTY INSURANCE COMPANY, )
INC., )
      Appellee. )
_____ )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for Manatee
County; Gilbert A. Smith, Jr., Judge.

Susan W. Fox and Heather M. Kolinsky of
Fox & Loquasto, P.A., Orlando; and
Thomas Managhan and Natisha Quijano of
Cohen Battisti, Winter Park, for Appellant.

Andrew A. Labbe of Groelle & Salmon,
P.A., Tampa, for Appellee.


LUCAS, Judge.

      Start to Finish Restoration, LLC appeals the entry of a final summary

judgment on its claim against Homeowners Choice Property & Casualty Insurance

Company, Inc. At the time of its ruling, the circuit court did not have the benefit of our decision in Bioscience West, Inc. v. Gulfstream Property & Casualty Insurance Co., 185 So. 3d 638 (Fla. 2d DCA 2016). Based on Bioscience West, we reverse the circuit court's entry of summary judgment.

Herbert Williams hired Start to Finish to repair his home, which had sustained water damage. As part of the engagement, Mr. Williams executed an assignment of insurance benefits in favor of Start to Finish concerning certain benefits Mr. Williams had under a homeowner's insurance policy issued by Homeowners Choice. When a disagreement arose between Start to Finish and Homeowners Choice regarding the payment of those benefits, Start to Finish filed a complaint, as the assignee of Mr. Williams, against Homeowners Choice. The circuit court was apparently persuaded by Homeowners Choice's arguments that the assignment of benefits between Mr. Williams and Start to Finish was unlawful or otherwise improper to confer standing on Start to Finish and entered summary judgment against Start to Finish. Start to Finish timely initiated this appeal.

In urging us to affirm the circuit court's judgment, Homeowners Choice raises many of the same arguments about the purported invalidity of this assignment of benefits that we rejected in Bioscience West.[1] In Bioscience West, we construed a

---

[1]In addition to the points we addressed in Bioscience West, Homeowners Choice also argues that the assignment of benefits should be deemed invalid as a purported "partial" assignment of a claim against a third party debtor made without the third party's consent, citing Space Coast Credit Union v. Walt Disney World Co., 483 So. 2d 35, 36 (Fla. 5th DCA 1986) ("[I]f the assignment is partial only, it cannot be enforced against the debtor, or the employer, without his consent, or the joinder in an equitable proceeding of all persons entitled to the various parts of the total debt."). We suspect the holding in Space Coast would likely be subsumed in this context by Florida's longstanding precedent that insurance policy benefits are freely assignable,

similar assignment under practically the same circumstances and reiterated "that post-loss insurance claims are freely assignable without the consent of the insurer." 185 So. 3d at 643 (citing Sec. First Ins. Co. v. State, Office of Ins. Regulation, 177 So. 3d 627, 628 (Fla. 1st DCA 2015)). Homeowners Choice has not shown how this case is distinguishable from Bioscience West in any meaningful way. Accordingly, we reverse the summary judgment entered against Start to Finish and remand this case for further proceedings.

Reversed and remanded.


VILLANTI, C.J., and SILBERMAN, J., Concur.

---

even without the insurer's consent. Cf. Bioscience West, 185 So. 3d at 642-43 (noting that "Florida case law yields deep-rooted support for the conclusion that post-loss assignments do *not* require an insurer's consent"); One Call Prop. Servs., Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 753 (Fla. 4th DCA 2015) ("Even when an insurance policy contains a provision barring assignment of the policy, an insured may assign a post-loss claim." (citing W. Fla. Grocery Co. v. Teutonia Fire Ins. Co., 77 So. 209, 210-11 (Fla. 1917))); Lexington Ins. Co. v. Simkins Indus., Inc., 704 So. 2d 1384, 1386 n.3 (Fla. 1998); Accident Cleaners, Inc. v. Universal Ins. Co., 186 So. 3d 1, 2 (Fla. 5th DCA 2015); Citizens Prop. Ins. Corp. v. Ifergane, 114 So. 3d 190, 195 (Fla. 3d DCA 2012); Better Constr., Inc. v. Nat'l Union Fire Ins. Co., 651 So. 2d 141, 142 (Fla. 3d DCA 1995); Gisela Invs., N.V. v. Liberty Mut. Ins. Co., 452 So. 2d 1056, 1057 (Fla. 3d DCA 1984). But we need not decide that issue. Homeowners Choice provided no evidence before the circuit court that Mr. Williams actually assigned any part of his policy benefits to any entity other than Start to Finish or retained any part of the assigned benefits for himself. On this record, then, we cannot, and therefore do not, reach the merits of this argument. Cf. Betancourt v. Sears Roebuck & Co., 693 So. 2d 680, 683 (Fla. 1st DCA 1997) ( "[I]n regard to cases involving claims that are ripe for adjudication at the time of the hearing, for which claimant failed to produce evidence or obtain a ruling, this court will consider the claim abandoned and the issue waived . . . .").