IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


SECURITY FIRST INSURANCE COMPANY,

      Appellant,

 v.                                     Case No.  5D16-3425

FLORIDA OFFICE OF INSURANCE REGULATION,

      Appellee.

_____/

Opinion filed December 1, 2017

Administrative Appeal from
Florida Office of Insurance
Regulation.

Steven G. Schwartz and David J. Pascuzzi,
of Schwartz Law Group, Boca Raton, for
Appellant.

Richard A. Sherman, Sr. and James W.
Sherman, of Richard A. Sherman, P.A., Fort
Lauderdale, Amicus Curiae for Universal
North America Insurance Company.

Thomas P. Crapps and Timothy J. Meenan,
of Meenan P.A., Tallahassee, Amicus
Curiae for Florida Bankers Association,
Florida Insurance Council and Personal
Insurance Federation of Florida.

Gray Proctor and Susan Fox, of Fox &
Loquasto, PA., Orlando, Amicus Curiae for
Florida Justice Association.

Tamara R. St. Hilaire, Shaw P. Stiller and Lacy End-Of-Horn, of Florida Office of Insurance Regulation, Tallahassee, for Appellee.

PAULK, G. T., Associate Judge.

Security First Insurance Company appeals the order entered by the Commissioner of the Department of Insurance, Office of Insurance Regulation ("OIR"), adopting the Report and Recommendations issued by a Hearing Officer. The Report and Recommendations concluded that OIR had properly disapproved Security First's request to amend its policy language to restrict the ability of policyholders to assign post-loss benefits. We affirm.

Security First is a property and casualty insurance company licensed to transact business in Florida. Before issuing policy forms in Florida, Security First is statutorily required to file all forms it intends to use with OIR for approval. Here, Security First submitted proposed policy endorsements to OIR for approval. Specifically, Security First requested OIR's approval to add endorsements to the conditions section of its Homeowners, Tenant Homeowners, Condominium Unit Owners, and Dwelling Fire insurance policies. The endorsements proposed the inclusion of new language, titled "Assignment of Benefits" (AOB); the language restricted the ability of policyholders to assign post-loss benefits absent the consent of all insureds, all additional insureds, and all mortgagees named in their policies.[1]

---

[1] The endorsement reads:

**28. Assignment of Benefits:**

a. For any assignment of benefits after a loss:

2

OIR issued a letter disapproving the proposed endorsements. The disapproval letter stated that "the forms violate the intent and meaning of [s]ections 627.411(a), (b), and (e), Florida Statutes" and that they contained "language restricting the assignment of post-loss claim benefits under the policy which is contrary to Florida law." Security First requested administrative review of OIR's decision, the central issue being Security First's contention that Florida's case law prohibitions against the enforcement of policy provisions which require consent for a post-loss assignment of benefits only apply to provisions requiring the insurer's consent.

The Hearing Officer upheld OIR's decision, concluding that it was not clearly erroneous because a "restriction on the right of a policyholder to freely assign his or her post-loss benefits is prohibited under Florida law" and "the incorporation of such a restriction on an assignment of post-loss rights in an insurance policy would be misleading

---

(1) You must disclose the assignment to us prior to the payment of any claim: and

(2) You must comply with all of section I - Conditions, 4. Your Duties After Loss. *We have no duty to provide coverage under this policy if you fail to comply with these duties.*

b. No assignment of claim benefits, regardless of whether made before loss or after loss, shall be valid without the written consent of all "insureds", all additional "insureds", and all mortgagee(s) named in this policy.

c. If we deny your claim, that denial will be applied to a valid claim of any assignee(s) and/or any other third parties contracted by you to services rendered to you to repair or replace damaged property.

d. We will not be responsible for payment to any assignee or third parties for payments for services rendered that are not covered property losses under this policy.

for policyholders." The OIR Commissioner thereafter entered a final order adopting the Hearing Officer's Report and Recommendations. Security First appeals this ruling.

"The standard of review of an agency decision based upon an issue of law is whether the agency erroneously interpreted the law and, if so, whether a correct interpretation compels a particular action." Fla. Hosp. v. Agency for Health Care Admin., 823 So. 2d 844, 847 (Fla. 1st DCA 2002)(citations omitted).

Security First concedes that Florida case law holds that an endorsement requiring an insurer's consent for a post-loss assignment of benefits is not enforceable, but argues that such case law only applies to provisions requiring the insurer's consent. We disagree.

A hundred years ago the Florida Supreme Court recognized, in West Florida Grocery Co. v. Teutonia Fire Insurance Co., 77 So. 209, 210-11 (Fla. 1917), that "it is a well-settled rule that [anti-assignment provisions do] not apply to an assignment after loss." Our Supreme Court has repeatedly adhered to this basic principle. For example, in Continental Casualty Co. v. Ryan Inc. Eastern, 974 So. 2d 368, 377 (Fla. 2008), our Supreme Court stated, in footnote 7:

> The insurers argue that the "anti-assignment" clause in the GIA precludes an assignment, even subsequent to the loss. However, "it is a well-settled rule that [anti-assignment provisions do] not apply to an assignment after loss." West Fla. Grocery Co. v. Teutonia Fire Ins. Co., 77 So. 209, 210–11 (Fla. 1917); accord Better Constr., Inc. v. Nat'l Union Fire Ins. Co., 651 So. 2d 141, 142 (Fla. 3d DCA 1995).

See also One Call Prop. Servs. Inc. v. Sec. First Ins., 165 So. 3d 749, 753 (Fla. 4th DCA 2015) ("Even when an insurance policy contains a provision barring assignment of the policy, an insured may assign a post-loss claim.") (citing W. Fla. Grocery Co., 77 So. at 210-11).

Many Florida cases involve insurer consent, but not all. In <u>Better Construction</u>, 651 So. 2d at 142, cited by the Florida Supreme Court in <u>Continental Casualty Co.</u>, Better filed an action against National, and National sought dismissal contending that the no-assignment provision in its insurance policy barred the lawsuit. The trial court agreed and dismissed the lawsuit. The Third District reversed, reasoning:

> We hold that the trial court erred in dismissing Better's complaint without leave to amend, where, as here, Better may be able to state a claim for breach of contract against National. Contrary to the trial court's ruling, neither the no-assignment clause nor the no-action clause precludes Better from stating a cause of action against National. The first reason is that a provision against assignment of an insurance policy does not bar an insured's assignment of an after-loss claim.

<u>Id.</u> at 142. In <u>Accident Cleaners, Inc. v. Universal Insurance Co.</u>, 186 So. 3d 1 (Fla. 5th DCA 2005), Accident Cleaners was an assignee under a homeowner's insurance policy that provided emergency cleanup and construction services. The insurance company disputed the claim, asserting that Accident Cleaners did not have an insurable interest on the date of loss–which it did not. The trial court dismissed the case, requiring our court to reverse and remand with directions for reinstatement of the amended complaint. We explained that the right to recover under an insurance policy is freely assignable after loss:

> Dating back to 1917, the Florida Supreme Court recognized that provisions in insurance contracts requiring consent to assignment of the policy do not apply to assignment after loss. <u>W. Fla. Grocery Co. v. Teutonia Fire Ins. Co.</u>, 74 Fla. 220, 77 So. 209, 210–11 (1917); <u>see</u> <u>Cont'l Cas. Co. v. Ryan Inc. E.</u>, 974 So. 2d 368, 377 n. 7 (Fla. 2008) (reaffirming the principle from W. Fla. Grocery Co. that the law is well-settled that anti-assignment provisions do not apply after loss); <u>Lexington Ins. Co. v. Simkins Indus., Inc.</u>, 704 So. 2d 1384, 1386 n. 3 (Fla. 1998) ("[A]n insured may assign insurance proceeds to a third party after a loss, even without the consent of the insurer."

5

(citing Better Constr., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 651 So. 2d 141, 142 (Fla. 3d DCA 1995))).

Id. at 1–3. These cases (and many more) were properly cited by the Hearing Officer and, thus, OIR did not interpret the law on this issue in error. Accordingly, we affirm the final order.

Security First also asserts a claim for reversal based on several public policy concerns. For example, Security First argues that, by rejecting the proposed policy language, OIR actually harms other parties' vested rights, "all of whom [are] entitled to an equal voice in such assignments to prevent impairing their interests." Security First also contends that an assignment "of less than all rights would wrongly permit both the assignor and assignee to sue the obligor in split causes of action, requiring duplicative defenses." The Florida Insurance Council and the Personal Insurance Federation of Florida filed an amicus brief arguing that their "concern in this appeal is two-fold: first, they are concerned about the significant increase in post-loss assignment of benefits from homeowners to third-parties; and second, they are concerned that if an assignment of benefits occurs without the consent of all insureds, the assignment results [in] an insurer violating its statutory duty to act in good faith for all insureds, impairs the mortgagee/lender's contractual rights and creates uncertainty in the law."

Review of the case law relating to the subject of the assignability of post-loss benefits reveals that Florida courts have been previously invited to consider these public policy arguments; however, the district courts have refused these invitations, concluding that such considerations are for the Legislature to address. For instance, in Security First Insurance Co. v. State, Office of Insurance Regulation, 177 So. 3d 627 (Fla. 1st DCA 2015), the First District affirmed OIR's disapproval of Security First's requests to amend

6

a section of its homeowner's policies to restrict the ability of policyholders to assign post-

loss benefits without the company's consent and also rejected the invitation to consider

Security First's public policy claims, stating:

> [W]e are not unmindful of the concerns that Security First expressed in support of its policy change, providing evidence that inflated or fraudulent post-loss claims filed by remediation companies exceeded by thirty percent comparable services; that policyholders may sign away their rights without understanding the implications; and that a "cottage industry" of "vendors, contractors, and attorneys" exists that use the "assignments of benefits and the threat of litigation" to "extract higher payments from insurers." These concerns, however, are matters of policy that we are ill-suited to address. As the Fourth District recently wrote:
>
>> Turning to the practical implications of this case, we note that this issue boils down to two competing public policy considerations. On the one side, the insurance industry argues that assignments of benefits allow contractors to unilaterally set the value of a claim and demand payment for fraudulent or inflated invoices. On the other side, contractors argue that assignments of benefits allow homeowners to hire contractors for emergency repairs immediately after a loss, particularly in situations where the homeowners cannot afford to pay the contractors up front.
>>
>> Our court is not in a position, however, to evaluate these public policy arguments. There is simply insufficient evidence in the record in this case—or in any of the related cases—to decide whether assignments of benefits are significantly increasing the risk to insurers. If studies show that these assignments are inviting fraud and abuse, then the legislature is in the best position to investigate and undertake comprehensive reform.
>
> One Call Prop. Services, 165 So. 3d at 755. We agree with these sentiments, and reiterate that the policy arguments and

> evidentiary basis for them put forth by Security First are more properly addressed to the Legislature.

177 So. 3d 627, 628-29 (Fla. 1st DCA 2015). We agree that the asserted public policy concerns are best addressed by the Legislature.

AFFIRMED.

COHEN, C.J., and BERGER, J., concur.