IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RESTORATION 1 CFL, LLC A/A/O
ALEX TCHEKMEIAN,

       Appellant,

 v.                              Case No.  5D17-755

ASI PREFERRED INSURANCE
CORPORATION,

       Appellee.

_____/

Opinion filed February 9, 2018

Appeal from the Circuit Court
for Orange County,
Bob LeBlanc, Judge.

Jordan Mejeur, of Cohen Grossman,
Maitland; and Gray R. Proctor, of Fox &
Loquasto, P.A., Richmond, Virginia, for
Appellant.

Kenneth B. Bell, Lauren V. Purdy, of
Gunster, Yoakley & Stewart, P.A.,
Tallahassee; Anthony Russo and Thomas
A. Keller, of Butler Weihmuller Katz Craig,
LLP, Tampa, Appellee.


WALLIS, J.

      Restoration 1 CFL, LLC ("Appellant"), a/a/o Alex Tchekmeian ("the insured"),

appeals the trial court's dismissal of its breach of contract action against the insured's

homeowner's insurance provider, ASI Preferred Insurance Corp. ("ASI"). After suffering a covered loss, the insured assigned his claim benefits to Appellant in exchange for its provision of emergency water cleanup services. Wells Fargo, the insured's mortgagee, did not consent to the assignment. Appellant then filed suit against ASI for unpaid or underpaid invoices, asserting standing pursuant to the assignment. ASI moved to dismiss, arguing the following provision in its insurance policy rendered the assignment invalid: "No assignment of claim benefits, regardless of whether made before loss or after loss, shall be valid without the written consent of all 'insureds', all additional insureds and all mortgagee(s) named in this policy." The trial court granted the motion to dismiss, stating, "[I]t is not unlawful to require the mortgagee's consent to an assignment of benefits."

We recently affirmed the Office of Insurance Regulation's disapproval of identical anti-assignment language in an insurance policy. Sec. First Ins. Co. v. Fla. Office of Ins. Regulation, 42 Fla. L. Weekly D2543, D2543 (Fla. 5th DCA Dec. 1, 2017). Because here, as in that case, the clause improperly restricts the assignment of post-loss claim benefits, contrary to Florida law, we reverse the dismissal of Appellant's action and remand for further proceedings. See id.

REVERSED and REMANDED.

ORFINGER and TORPY, JJ., concur.

2