DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RESTORATION 1 OF PORT ST. LUCIE,** a/a/o **JOHN** and **LIZA SQUITIERI,**
Appellant,

v.

**ARK ROYAL INSURANCE COMPANY,**
Appellee.

No. 4D17-1113

[September 5, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case No. 562016CA002098.

Scott Millard of Cohen Grossman, Maitland, and Gray R. Proctor of Fox & Loquasto, P.A., Richmond, Virginia, for appellant.

Kenneth B. Bell and Lauren V. Purdy of Gunster, Yoakley & Stewart, P.A., Tallahassee, for appellee.

FORST, J.

Appellant Restoration 1 of Port St. Lucie sued appellee Ark Royal Insurance Company for breach of contract and sought a declaratory judgment determining that a clause in an insurance contract requiring the signatures of all insureds and mortgagees for an assignment of benefits violated Florida law. Ark Royal successfully moved to dismiss the complaint. Restoration 1 now appeals the dismissal order, arguing that Ark Royal's anti-assignment provision was illegal.[1] As explained below, we disagree and therefore affirm.

## Background

The facts of this case are straightforward. In 2012, Ark Royal issued a homeowner's insurance policy to John and Liza Squitieri ("the insureds"). The policy contains a condition that "[n]o assignment of claim benefits, regardless of whether made before a loss or after a loss, shall be valid without the written consent of all 'insureds,' all additional insureds, and all mortgagee(s) named in this policy." The policy names PNC Bank, N.A. as a mortgagee.

---

[1] We summarily affirm the two other issues raised by Restoration 1 on appeal.

Approximately four years later, the insureds' home suffered water damage. Mrs. Squitieri, without the consent of her husband or the mortgagee, contracted with Restoration 1 to provide cleanup services and signed an assignment of benefits agreement assigning "any and all insurance rights, benefits, proceeds and any cause of action under any applicable insurance policies" to Restoration 1.

Restoration 1 subsequently completed the clean-up work and submitted a claim to Ark Royal for $20,305.74. Ark Royal refused to pay the full amount of the claim, stating it was unable to recognize the assignment because "[t]he portion assigning benefits from your claim does not have all the required signatures."

Consequently, Restoration 1 sued Ark Royal for breach of contract and sought a declaratory judgment determining that a clause requiring the signatures of all insureds and mortgagees for an assignment contravened Florida public policy. Ark Royal moved to dismiss, arguing the assignment was invalid pursuant to Ark Royal's insurance policy agreement with the insureds. Restoration 1 filed a response and a cross-motion for partial summary judgment.

The trial court granted Ark Royal's motion to dismiss on the basis that "the Assignment of Benefits fails to comply with the subject policy's unambiguous condition that claims assignments be executed by all insureds and mortgagees." Restoration 1's appeal followed.

## Analysis

We review the granting of a motion to dismiss de novo. *Habitat II Condo., Inc. v. Kerr*, 948 So. 2d 809, 811 (Fla. 4th DCA 2007).

### I. *West Florida Grocery*

Restoration 1 argues that the trial court's dismissal of its breach of contract claim and declaratory judgment action should be reversed because the restriction against assignment violates a common law rule in this state, as pronounced by our Florida Supreme Court over one hundred years ago in *West Florida Grocery Co. v. Teutonia Fire Insurance Co.*, 77 So. 209 (Fla. 1917). There, the supreme court recognized the "well-settled rule that the provision in a policy relative to the consent of the insurer to the transfer of an interest therein does not apply to an assignment after loss." *Id.* at 210-11. The court thus held that because the insureds were trying to assign their post-loss benefits, in which the insurer did not have an interest, "such consent [by the insurer] was not necessary to its validity, [and so,] the condition was superfluous." *Id.* at 211.

In rebuttal, Ark Royal explains that the exception set forth in *West Florida*

*Grocery* is simply that an insurance company cannot condition an assignment of rights upon the *insurer's* consent. A significant difference exists between requiring the insurer's consent and requiring the consent of the insureds and mortgagees. Ark Royal argues against extending this "narrow common law exception" to create a new public policy rule that prohibits any burden on any assignment whatsoever. It maintains that the Florida Legislature, and not the courts, is best suited for making public policy determinations.

In fact, the parties do not disagree that a contractual "blanket" ban on all assignments would be impermissible. *See Better Constr., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 651 So. 2d 141, 142 (Fla. 3d DCA 1995). Nor do they disagree that Florida courts have continually declined to enforce insurance contract provisions that, like in *West Florida Grocery*, require insurer consent for an assignment of benefits, finding "that post-loss insurance claims are freely assignable without the consent of the insurer." *See Start to Finish Restoration, LLC v. Homeowners Choice Prop. & Cas. Ins. Co.*, 192 So. 3d 1275, 1276 (Fla. 2d DCA 2016) (quoting *Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co.*, 185 So. 3d 638, 643 (Fla. 2d DCA 2016)); *see also Sec. First Ins. Co. v. State, Office of Ins. Regulation*, 177 So. 3d 627, 628 (Fla. 1st DCA 2015) ("On this point we find an unbroken string of Florida cases over the past century holding that policyholders have the right to assign such [post-loss] claims without insurer consent."); *Citizens Prop. Ins. Corp. v. Ifergane*, 114 So. 3d 190, 195 (Fla. 3d DCA 2012) ("Post-loss insurance claims are freely assignable without the consent of the insurer."); *Gisela Invs., N.V. v. Liberty Mut. Ins. Co.*, 452 So. 2d 1056, 1057 (Fla. 3d DCA 1984) ("A provision in a policy of insurance which prohibits assignment thereof except with consent of the insurer does not apply to prevent assignment of the claim or interest in the insurance money then due, after loss.").

## II.   *Security First*

The narrow question presented in the instant case is whether common law or public policy prohibits an assignment of benefits provision in an insurance contract that requires the consent of all the insureds and the mortgagee before any assignment. In *Security First Insurance Co. v. Florida Office of Insurance Regulation*, 232 So. 3d 1157 (Fla. 5th DCA 2017), the Fifth District recently addressed this question and answered it in the affirmative, finding such a restriction invalid. *Accord Restoration 1 CFL, LLC v. ASI Preferred Ins. Corp.*, 239 So. 3d 747 (Fla. 5th DCA 2018).

The Fifth District's *Security First* case originated as an appeal from an order entered by the Commissioner of the Department of Insurance, Office of Insurance Regulation ("OIR"). *Id.* at 1157. That order upheld OIR's disapproval of Security First's request to amend its policy language in the same fashion as the instant case, "restrict[ing] the ability of policyholders to assign post-loss benefits absent the consent of all insureds, all additional insureds, and all mortgagees named in

3

their policies." *Id.* at 1157-58.

In addition to the OIR order, the *Security First* opinion primarily based its holding on *West Florida Grocery*, interpreting that case to mean that *any* restriction on an assignment of benefits was unenforceable, even those restrictions not limited to requiring insurer consent. *Id.* at 1158-59. The court explained: "A hundred years ago the Florida Supreme Court recognized, in [*West Florida Grocery*], that 'it is a well-settled rule that [anti-assignment provisions do] not apply to an assignment after loss.'" *Security First*, 232 So. 3d at 1158 (second alteration in original) (quoting *W. Fla. Grocery*, 209 So. at 210-11). Accordingly, *Security First* struck down an assignment of benefits provision that required the consent of the insureds and mortgagees. *Id.* at 1159. The assignment of benefits provision in *Security First* is nearly identical to the one in the instant case. *See id.* at 1158 n.1.

### III. Disagreement with *Security First*

We initially note that, in contrast to *Security First*, OIR disapproval is not at issue in the instant case. Ark Royal submitted the required certified, informational filing detailing this particular insurance contract to OIR, and OIR has not indicated any disapproval of the specific language in question—even though it is statutorily required to retroactively disapprove of any policy forms that do not meet the requirements of the insurance code. §§ 627.410(3), .411(1), Fla. Stat. (2018).[2]

The *Security First* opinion "disagree[s]" with the insurance company's argument "that case law only applies to provisions requiring the insurer's consent." 232 So. 3d at 1158. However, none of the cases cited in *Security First* discuss a condition on assignment that requires the consent of the insureds and mortgagees. *See Sec. First Ins. Co. v. State, Office of Ins. Regulation*, 177 So. 3d 627, 629 (Fla. 1st DCA 2015) (affirming OIR's denial of a request to approve a provision requiring the *insurer's* consent to post-loss assignment of benefits); *One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 753 (Fla. 4th DCA 2015) (discussing a general assignment provision, rather than the limited provision at issue in *Security First* and the instant case); *Cont'l Cas. Co. v. Ryan Inc. Eastern*, 974 So. 2d 368, 377 n.7 (Fla. 2008) (citing to *West Fla. Grocery* and *Better Constr.* in dicta); *Accident Cleaners, Inc. v. Universal Ins. Co.*, 186 So. 3d 1, 2 (Fla. 5th DCA 2015) ("[T]he sole issue before [the] court is whether section 627.405 requires a post-loss assignee to have an insurable interest at the time of the loss."); *Better Constr., Inc.*, 651 So. 2d at 142 (the two paragraph

---

[2] The trial court expressly dismissed Restoration 1's declaratory judgment action based in part on OIR's inactivity on the matter, stating: "Plaintiff [Restoration 1] requests that this Court act against Ark Royal Insurance Company when the Office of Insurance Regulation has not. Accordingly, Count I of Plaintiff's Complaint (Declaratory Action) is hereby dismissed."

opinion does not discuss the terms of the "no-assignment" provision, merely citing to *West Florida Grocery* for the proposition "that a provision against assignment of an insurance policy does not bar an insured's assignment of an after-loss claim").

Further, in relying upon *West Florida Grocery,* the *Security First* opinion misquotes (and thereby overstates) the holding in that case. The Fifth District's opinion represents that the supreme court's holding is that "it is a well-settled rule that [anti-assignment provisions do] not apply to an assignment after loss." *Sec. First*, 232 So. 3d at 1158-59. However, the actual quote, without alterations, merely states that "it is a well-settled rule that the provision in a policy relative to the *consent of the insurer* to the transfer of an interest therein does not apply to an assignment after loss." *W. Fla. Grocery*, 209 So. at 210-11 (emphasis added).

Thus, by its plain terms, *West Florida Grocery* does not stand for the pronouncement that *any* restriction is per se invalid. Instead, the supreme court addressed and invalidated only a provision requiring the consent of the insurer, with the court concluding that it is "superfluous" who the insurer ultimately pays as the insurer will *still* have to cover the insured loss.[3] *Id.* at 211. In the instant case, as Ark Royal argued in its motion to dismiss below, it is impossible to brand the contested provision as superfluous—as both of the insureds, as well as the mortgagee, have a vested interest that a reputable, legitimate third-party contractor perform repairs on the home.

In addressing the enforceability of the assignment of benefits provision in the instant insurance contract, we begin with the premise that, generally, absent "some great prejudice to the dominant public interest" or specific pronouncement by the Florida Legislature, courts strive to uphold the parties' freedom of contract. *Bituminous Cas. Corp. v. Williams*, 17 So. 2d 98, 101 (Fla. 1944) ("it is a matter of great public concern that freedom of contract be not lightly interfered with"); *see also Obolensky v. Chatworth at Wellington Green LLC*, 240 So. 3d 6, 11 (Fla. 4th DCA 2018); *Banfield v. Louis*, 589 So. 2d 441, 446 (Fla. 4th DCA 1991) ("When a particular contract, transaction, or course of dealing is not prohibited under any constitutional provision, statutory provision, or prior judicial decision, it should not be struck down on public policy grounds unless it is 'clearly injurious to the public good' or 'contravene[s] some established interest of society.'" (quoting *Bituminous Cas. Corp.*, 17 So. 2d at 101)).

The contract here does not prohibit assignment—it imposes a condition,

---

[3] The 1905 Georgia case relied upon by *West Florida Grocery* explains: "After the loss, the claim of the insured, like any other chose in action, could be assigned without in any way affecting the insurer's liability." *Ga. Coop. Fire Ins. Ass'n v. Borchardt & Co.*, 51 S.E. 429, 430 (Ga. 1905).

requiring the approval of all insureds and the mortgagee. We cannot say that this restriction (as distinct from the restriction addressed by *West Florida Grocery* and its progeny) creates "some great prejudice to the dominant public interest."

## Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of the complaint and declaratory judgment action and hold that the language of the assignment of benefits provision in the instant insurance contract is enforceable. The central reasoning and holding of *West Florida Grocery* does not extend to the facts of this case. To the extent that the Fifth District in *Security First* has expanded upon *West Florida Grocery*, we certify conflict. Finally, with respect to the public policy concerns of both parties, they are best addressed by the legislature, not the courts.

*Affirmed; conflict certified.*

WARNER and MAY, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***