# Third District Court of Appeal
## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-5
Lower Tribunal No. 19-1487
_____

**Extreme Emergency Fire & Water Restoration LLC,**
Appellant,

vs.

**Certain Underwriters at Lloyd's of London,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Cohen Law Group, P.A., and Jabari A. Bennett (Maitland); Alexander Appellate Law P.A., and Samuel Alexander (DeLand), for appellant.

Law Offices of Clinton D. Flagg, P.A., and Clinton D. Flagg and Susana C. Nuñez, for appellee.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

EMAS, C.J.

## INTRODUCTION

Extreme Emergency Fire & Water Restoration, LLC ("Extreme") appeals from a final summary judgment entered in favor of Certain Underwriters at Lloyd's of London ("Lloyd's") on Extreme's breach of contract claim against Lloyd's. We reverse, because, under well-established Florida law, the anti-assignment clause in the contract of insurance was ineffective to restrict or prevent the insured from making a post-loss assignment of the right to payment for a claim under the policy without the insurer's consent.

## FACTS AND PROCEDURAL BACKGROUND

On September 3, 2018, Julio and Nora Lugones (together, "Lugones") suffered damage to their home in Homestead. On that date, Lugones' property was covered by a homeowner's insurance policy with Lloyd's. Lugones hired Extreme to repair and mitigate the damage, and assigned to Extreme their rights to payment for the claim under the Lloyd's policy. Thereafter, Extreme invoiced Lloyd's for $18,458.39, and when Lloyd's refused to pay, Extreme filed a breach of contract action against it.

Lloyd's asserted several affirmative defenses, including an anti-assignment agreement which was part of the insurance application executed by Lugones. That anti-assignment clause provided:

Anti-Assignment Endorsement

In consideration of the premium paid, it is hereby agreed and understood that rights, benefits and duties under the policy for which I am applying may not be assigned and/or transferred, either before or after a loss, without the written consent of the company, except in the case of death of an individual named insured.

Lloyd's moved for summary judgment on the basis of this anti-assignment clause, asserting Extreme's claim for damages was barred due to Lugones' failure to obtain Lloyd's written consent to the assignment of the right to payment on the claim.

Extreme responded to the motion for summary judgment, arguing the anti-assignment clause was contrary to Florida law and should be stricken. Following a hearing, the trial court granted Lloyd's motion for final summary judgment, and denied Extreme's subsequent motion for rehearing. This appeal followed and, because the issue presented is a question of law, we review the trial court's determination de novo. Hernandez v. Citizens Prop. Ins. Corp., 45 Fla. L. Weekly D1209 (Fla. 3d DCA 2020).

**ANALYSIS AND DISCUSSION**

For more than a century, the law in Florida has been well-settled: an insured need not obtain the consent of the insurer before making a post-loss assignment of its right to payment of a claim under an insurance policy, and any attempt by an insurer to restrict the insured's right to do so is invalid. W. Fla. Grocery Co. v. Teutonia Fire Ins. Co., 77 So. 209, 210-11 (Fla. 1917) (invalidating an insurance

3

policy provision requiring insurer consent before an insured can make a post-loss assignment, invoking the "well-settled rule that the provision in a policy relative to the consent of the insurer to the transfer of an interest therein does not apply to an assignment after loss.") See also Lexington Ins. Co. v. Simkins Indus., Inc., 704 So. 2d 1384, 1386 (Fla. 1998) (citing Better Constr., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 651 So. 2d 141, 142 (Fla. 3d DCA 1995)); Citizens Prop. Ins. Corp. v. Ifergane, 114 So. 3d 190, 195 (Fla. 3d DCA 2012) (providing: "Post-loss insurance claims are freely assignable without the consent of the insurer"); Gisela Invs., N.V. v. Liberty Mut. Ins. Co., 452 So. 2d 1056, 1057 (Fla. 3d DCA 1984) (holding: "A provision in a policy of insurance which prohibits assignment thereof except with consent of the insurer does not apply to prevent assignment of the claim or interest in the insurance money then due, after loss"); Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638 (Fla. 2d DCA 2016); One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 753 (Fla. 4th DCA 2015) (noting: "Even when an insurance policy contains a provision barring assignment of the policy, an insured may assign a post-loss claim").

Nonetheless, Lloyd's argued below, and on appeal, that this was not a unilateral attempt to impose an invalid restriction on the insured's right to make a post-loss assignment of benefits due under the policy. Rather, Lloyd's posits straightforwardly, the parties voluntarily negotiated the anti-assignment agreement

4

contained in the application, and the insureds thereby waived their right to freely assign their right to payment on their insurance claim. It is upon this basis that Lloyd's contends the anti-assignment provision is binding and enforceable. In other words, Lloyd's argues, this case is somehow unique in that the insurer did not unilaterally interpose this anti-assignment clause into the insurance policy; instead, this was a contract term negotiated with the insureds and set forth in the application for insurance, rather than in the insurance policy itself.

Extreme contends, and we agree, that this is merely a distinction without a difference. After all, it is the insurance application and the insurance policy which *together* constitute the insurance contract. See § 627.419(1), Fla. Stat. (2018) (providing: "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto"); Mathews v. Ranger Ins. Co., 281 So. 2d 345, 348 (Fla.1973)(construing section 627.419(1) to mean: "The application thus becomes a part of the agreement between the parties and the policy together with the application form the contract of insurance"); Gainsco v. ECS/Choicepoint Svcs., Inc., 853 So. 2d 491 (Fla.1st DCA 2003); Zenith Ins. Co. v. Commercial Forming Corp.,850 So. 2d 568 (Fla. 2d DCA 2003); Quick v. Nat'l Indem., 231 So. 2d 22 (Fla. 4th DCA 1970). Thus, the well-established law

5

that prohibits an anti-assignment provision in a contract of insurance is applicable whether that provision is placed in the application or in the policy itself.

The unbroken chain of case law since the 1917 decision in West Florida Grocery does not draw the distinction Lloyd's invites this court to make in the instant case. While many arguments have been made, and competing concerns expressed, regarding the propriety of anti-assignment clauses in insurance contracts, Florida courts have acknowledged that it falls to the Legislature to weigh these competing concerns and resolve this issue as a matter of public policy.[1] See e.g., Security First Ins. Co. v. Fla. Office of Ins. Reg., 232 So. 3d 1157 (Fla. 5th DCA 2017); Bioscience West, 185 So. 3d 643 (noting: "We are mindful that there are competing policy considerations here. These policy considerations are for the legislature to decide, not our court.") And, for agreements entered into after July 1, 2019 our Legislature has now done so. See §627.7153, Fla. Stat. (2019) (enacting a law, effective July 1, 2019, authorizing insurance companies under certain conditions to make available a

---

[1] Indeed, the Florida Legislature did recently address this issue, enacting section 627.7153, Florida Statutes (2019), which allows insurance companies to make available a residential or commercial property insurance policy restricting the assignment of post-loss benefits. However, in an effort to balance the competing public policies in this area, this new law imposes certain requirements on the insurance company before it may restrict such post-loss assignments. See §627.7153(2), Fla. Stat. (2019). The parties concede (and we agree) that section 627.7153 does not apply to the agreement in the instant case, as this new law "applies to a policy issued or renewed on or after July 1, 2019." § 627.7153(5).

residential or commercial property insurance policy restricting the assignment of post-loss benefits).

**CONCLUSION**

Applying a century of well-established Florida law to this 2017 contract of insurance, the anti-assignment provision was ineffective to prevent or restrict the insured from making a post-loss assignment of the right to payment of a claim without the insurer's consent, and the fact that the anti-assignment clause was placed in the application, rather than the policy itself, is immaterial. We therefore reverse and remand with instructions to vacate the summary final judgment and for further proceedings consistent with this opinion.