DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE KIDWELL GROUP, LLC** d/b/a
**AIR QUALITY ASSESSORS OF FLORIDA** a/a/o
**FRANCINE NOVEMBRE,**
Appellant,

v.

**GEOVERA SPECIALTY INSURANCE COMPANY,**
Appellee.

No. 4D20-1014

[October 13, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra Bosso-Pardo, Judge; L.T. Case No. 502018SC016320.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

Patrick J. Carleton and Andrew A. Labbe of Groelle & Salmon, P.A., West Palm Beach, for appellee.

GERBER, J.

The insureds' assignee appeals from the county court's final order granting the insurer's motion to dismiss the assignee's breach of contract action against the insurer. The county court granted the insurer's motion to dismiss because only the wife-insured, and not also the husband-insured, had signed the assignment of claims benefits, thus not complying with the policy's provision stating:

> No assignment of claims benefits, regardless of whether made before loss or after loss, shall be valid without the written consent of *all* "*insureds,*" all additional "insureds," and all mortgagee(s) named in this policy.

(Emphasis added).

We affirm the county court's dismissal based on our decision in *Restoration 1 of Port St. Lucie v. Ark Royal Insurance Co.*, 255 So. 3d 344

(Fla. 4th DCA 2018).  *Restoration 1* held that the same policy provision did not violate Florida law, because the policy provision did not require *the insurer* to consent to the benefits assignment.  *Cf. W. Fla. Grocery Co. v. Teutonia Fire Ins. Co.*, 77 So. 209, 210-11 (Fla. 1917) ("[I]t is a well-settled rule that the provision in a policy relative to the consent of *the insurer* to the transfer of an interest therein does not apply to an assignment after loss.") (emphasis added).

As we recognized in *Restoration 1*, we acknowledge our decision conflicts with *Security First Insurance Company v. Florida Office of Insurance Regulation*, 232 So. 3d 1157 (Fla. 5th DCA 2017).  In *Security First*, our sister court interpreted *West Florida Grocery* to mean that *any* restriction on a benefits assignment was unenforceable, even those restrictions not limited to requiring *insurer* consent.  *Id.* at 1158-59. Accordingly, *Security First* struck down an assignment of benefits provision which required the consent of the insureds and mortgagees.  *Id.* at 1159.  The assignment of claims benefits provision in *Security First* is nearly identical to the one in *Restoration 1* and the instant case.  232 So. 3d at 1158 n.1.  To the extent our sister court in *Security First* expanded upon *West Florida Grocery*, we certify conflict, as we did in *Restoration 1*. 255 So. 3d at 348.

The county court's final order in the instant case also certified to this court the following question of great public importance:  "[W]hether an assignment of benefits executed prior to July 1, 2019 requires the signature of all named insureds in order to be enforceable against a defendant in a breach of contract lawsuit for property damage."  The county court proposed its certified question at the assignee's request.  The assignee argues that in 2019, the Legislature enacted section 627.7153, Florida Statutes (2019), which expressly permits a policy issued or renewed on or after July 1, 2019, to restrict in whole or in part an insured's right to execute an assignment agreement when certain enumerated conditions (not at issue here) are met.  *See generally* § 627.7153, Fla. Stat. (2019).  According to the assignee, the Legislature's enactment of section 627.7153 created a question as to whether policies issued or renewed *before* July 1, 2019, were *prohibited from* restricting in whole or in part an insured's right to execute an assignment agreement.

We initially accepted jurisdiction to answer the county court's certified question pursuant to Florida Rule of Appellate Procedure 9.160.  Rule 9.160 provides a district court of appeal with discretionary jurisdiction to review a county court decision which the county court certifies to be of great public importance.  *See generally* Fla. R. App. P. 9.160.  Since accepting jurisdiction pursuant to rule 9.160, mandatory jurisdiction over

2

this county court appeal also has been conferred upon us pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A), as amended January 1, 2021.

While we maintain mandatory jurisdiction over this county court appeal pursuant to rule 9.030(b)(1)(A), we now conclude that our initial acceptance of discretionary jurisdiction pursuant to rule 9.160 was improvidently granted. Our decision in *Restoration 1* relied upon the principle that, "absent some great prejudice to the dominant public interest or specific pronouncement by the Florida Legislature, courts strive to uphold the parties' freedom of contract." 255 So. 3d at 348 (internal quotation marks and citations omitted). Applying that principle, we held that requiring all insureds to consent to an assignment of claims benefits did not impose "some great prejudice to the dominant public interest." *Id.* Therefore, we held that "the language of the assignment of benefits provision in the instant insurance contract is enforceable," and "[t]he central reasoning and holding of *West Florida Grocery* does not extend to the facts of this case." *Id.*

Our *Restoration 1* holding did not turn on any "specific pronouncement by the Florida Legislature," or lack thereof, in 2018. And we do not question our *Restoration 1* holding in light of the Legislature's 2019 enactment of section 627.7153, Florida Statutes (2019), to expressly permit a policy issued or renewed on or after July 1, 2019, to restrict in whole or in part an insured's right to execute an assignment agreement when certain enumerated conditions (not at issue here) are met. Rather, our *Restoration 1* holding stands firm on the ground upon which we based that holding, as should judicial review of any policy issued or renewed on or after July 1, 2019. *See Restoration 1 of Port St. Lucie v. Ark Royal Ins. Co.*, nos. SC18-1624, SC18-1623, 2019 WL 3403438, at *1 (Fla. July 29, 2019) ("Because we conclude that the new legislation addresses on a going-forward basis the issue before us, we exercise our discretion to discharge jurisdiction."). Thus, on further reflection, we no longer see a need to answer the certified question, and therefore decline to do so. *See* Fla. R. App. P. 9.160(e)(2) ("The district court of appeal, in its absolute discretion, shall by order accept *or reject* jurisdiction.") (emphasis added).

Based on the foregoing, we affirm the circuit court's dismissal in the instant case based on our *Restoration 1* holding. On all other arguments which the assignee has raised in this appeal, we affirm without further discussion. As stated above, we certify conflict with *Security First Insurance Company v. Florida Office of Insurance Regulation*, 232 So. 3d 1157 (Fla. 5th DCA 2017).

*Affirmed; conflict certified.*

W<small>ARNER</small> and A<small>RTAU</small>, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**